In the Matter of the Application of JOSEPH ALTMAN, Petitioner, for a Mandamus Order against LAWRENCE JOFFE, a Marshal of the City of New York, Respondent.

Supreme Court, Bronx County, January 12, 1931.

*Arnstein & Levine*, for the petitioner.

*Arthur J. W. Hilly*, for the respondent.

COTILLO, J.   This is an application for a mandamus order made by Joseph Altman, the landlord of the premises 1226 Washington avenue, The Bronx, against the respondent, a city marshal, for failing to execute a warrant duly issued in a summary proceeding to dispossess a tenant.

The summary proceedings were begun on the 5th of November, 1930, for failure to pay the balance of rent due on October fifteenth, and a final order was granted on the tenth of November awarding possession of the premises to the landlord and directing that a warrant be issued.   The tenant was granted a three days' stay of execution which expired on the thirteenth of November.   Five days later, the warrant was issued to Lawrence Joffe, the respondent herein, directing him to remove the tenant from the premises.   This he has failed to do and the proceeding is to compel him to do his duty.

Under section 1433 of the Civil Practice Act, the marshal's duty to execute the warrant is mandatory.   The reasons advanced by him for his failure to do so are, *first*, that he was instructed by the chief city marshal, who himself received instructions from the mayor's unemployment relief committee, not to execute any warrants in view of the present unemployment crisis; *second*, that he found the family in a pitiful state of destitution, and if he executed the warrant the family so evicted would become a public charge. He further recites the landlord's disinclination to wait for a full investigation of the tenant's destitution on the part of the relief agencies.   Respondent points to the existence of a great emergency in the city which he assumes to justify the drastic order of the chief marshal.

It is with keen regret for the unfortunate tenant and others situated like him that I must reject all the given reasons as insufficient to justify the refusal of the respondent to act in the premises.

The great suffering of the army of the unemployed, willing to work but deprived of an opportunity, has aroused the public conscience and led to large scale movements for relief, inadequate though they may have been to meet a situation of this magnitude.

But it is important to note that there has been a recognition that the problem is one for the public and quasi-public agencies to solve and the burden one for the community to bear.

One of the great agencies for public relief in this crisis has been the mayor's unemployment relief committee, which, with the aid of public officials, collected funds and has alleviated suffering and helped to keep families under their roofs. But the committee, presumably acting under authority of the mayor, in causing warrants to remain unexecuted has unwittingly shifted the burden from the community where it properly belongs, upon a particular class of citizens, themselves sorely pressed in this crisis. During the past month I have been compelled to grant numerous decrees in foreclosure against landlords who have been unable to hold onto their property and who have seen their savings swept away by reason of such foreclosure. Their one source of meeting their interest and tax payments is the rent which they collect. If their right to collect rent is virtually suspended — in part at least — such suspension should logically be accompanied by a like suspension of their obligations to pay interest and taxes. No such suggestion for relief has been made, nor could it fairly be made, even if legal, without inviting financial disaster and postponing the period of general business recovery.

Respondent's argument that if the tenant is evicted, the latter and his family will become public charges, is the soundest argument in favor of the order. For, if the tenant is permitted to continue without paying rent, the burden will be shifted from the public to which it belongs, to one who is under no obligation to bear it, except to the extent to which an individual case of suffering should appeal to any sympathetic person to grant a measure of indulgence and relief to one less able to bear the hardship.

The petitioner has been accused of showing a disinclination to wait for the proper measure of investigation and aid by a public relief agency. The record does not justify any such conclusion. If the case was fully as deserving as respondent represents it, assistance should have been extended promptly, and certainly sufficient time has elapsed for the extension of such aid. Sometimes our charitable agencies, which are doing a splendid work, are apt to overlook the maxim that " relief deferred is relief denied."

The corporation counsel refers to the existence of an emergency which might justify the action of the mayor's committee. There is no doubt about the presence of an emergency, but there is more than doubt of the right of the mayor to suspend the operation of law. Even the late emergency rent laws did not go further than suspend the right to institute summary proceedings in certain cases,

so long as the tenant paid a reasonable rent. Here it is proposed to permit tenants to continue in possession — for a limited time though it be — without payment. Well-intentioned and humane though the proposal may be, those who have made it have lost sight of the fact that it amounts to a shifting of public responsibility upon a single class which is not financially able to bear it and which even if able to do so should not, except to the extent of its share in the general burden, be morally required to do so.

To paralyze the functions of the court by padlocking Municipal Courts against landlords, with a total disregard of their constitutional property rights, is not the correct procedure even in these depressing economic times. Real estate carries enough of the burden of our enormous city budget. While I admire the spirit that animates our mayor in ordering the chief city marshal to direct his associates not to execute any warrant of eviction, nevertheless, I find no authority in law for a refusal to execute a lawfully issued warrant in summary proceedings.

While the court finds itself without discretion in the matter, it regrets sincerely the situation which has arisen in consequence of industrial depression and involuntary unemployment, and which only the united efforts of all our public, quasi-public and industrial agencies can successfully meet.

Nothing is so important and so vital to the preservation of stability in our society as the protection of the home and home life against the insecurity resulting from unemployment; and nothing so menaces that stability as the failure of a father to keep a roof over the heads of his wife and children through no fault of his own, but because of financial difficulties over which he as an individual can have no control. Food and clothing are necessary but it is no less essential to insure to the unemployed the benefit and the protection of a roof over their heads. Pending the resumption of normal business activity, the court sincerely hopes that the problems presented in the defendant's case will be met with wisdom and charity by the agencies of our city to whom a generous public is intrusting the responsibility for relief.

The motion for a peremptory mandamus order is granted, without costs. Settle order.