PRESCOTT JENNINGS, JR., et al., Plaintiffs, *v.* HIGH FARMS CORPORATION et al., Defendants.

Supreme Court, Special Term, Nassau County, June 11, 1962.

Alfred M. Ehrenclou, Earl Q. Kullman, Joseph M. Cunningham and John A. Dowd for plaintiffs. Attilio E. Braune and Carmelo C. Tese for Thomas R. Pynchon, as Superintendent of Highways of the Town of Oyster Bay and another, defendants. Andromidas & Pratt (George C. Pratt of counsel), for High Farms Corporation, and another, defendants.

MARIO PITTONI, J. Motion by plaintiffs for a temporary injunction in an action for damages resulting from the allegedly forcible interference with plaintiffs' right of peaceable possession of a strip of land about 50 feet wide and 1,100 feet long, and extending in a southerly direction from the intersection of High Farms Road and the Crossway in the Town of Oyster Bay.

An action for damages for interference with peaceable possession is an action at law (Fults v. Munro, 202 N. Y. 34, 40). The instant complaint contains no action for equitable relief, nor do the plaintiffs seek a judgment for a permanent injunction, nor would they be entitled to a permanent injunction. Insofar as the application may be deemed to be made pursuant to subdivision 1 of section 878 of the Civil Practice Act, the motion must be denied. (See Reynolds v. Webber, 160 N. Y. S. 177.) As stated in Fults v. Munro (supra, p. 40) : " As this is an action at law the right to judgment depends on the facts as they stood when it was commenced, instead of, according to the rule in equity, as they stood at the date of the trial " (emphasis supplied). What the defendants may or may not do after the service of the summons would not in any way tend to render ineffectual the judgment for damages (see Babho Realty Co. v. Feffer, 230 App. Div. 866; Riessen v. Kaye, 4 Misc 2d 371, 374).

Aside from the foregoing, in an action of this nature the papers submitted must reveal facts sufficient to constitute a cause of action. Here, as to the legal right to recover damages in an action for forcible entry or detainer (Real Property Law, § 535), it must be shown that the entry was " under circumstances which would naturally inspire fear and lead one to apprehend danger of personal injury if he stood up in defense of his possession (Fults v. Munro, 202 N. Y. 34; Arout v. Azar, 219 App. Div. 260). Mere trespass does not give rise to such an action ". (Drinkhouse v. Parka Corp., 3 N Y 2d 82, 91.) The complaint, aside from conclusory allegations of force and violence, does not show acts which put the plaintiffs in danger of injury to their persons. As stated in the Drinkhouse case (supra, p. 92) : " The cases under section 535 of the Real Property

Law, where recovery is allowed, are replete with allegations and evidence of the use of guns, clubs, threats to life, assaults and the like. Similar allegations are not found in this complaint.'' In addition to the failure of the complaint to allege such facts, the affidavits of the plaintiffs William B. Rand, Jr., and Prescott Jennings, Jr., fail to reveal any acts endangering their physical well-being. Moreover, those affidavits are objectionable as hearsay as to what transpired between the defendants and the wives of the affiants.

Assuming that a simple action in trespass were pleaded, the defendants show retention of title in the subject property by the defendant High Farms Corporation when the plaintiffs' properties were conveyed in 1926 to their predecessor in title Cornelis and Maria Jacoba Lievense. Since the plaintiffs' evidence fails to show a better title, the court would not grant a temporary injunction even if a cause of action to enjoin future trespasses were stated in the complaint. The plaintiffs' motion for a temporary injunction is denied.