William J. Sullivan, J.
This is a motion to dismiss the complaint herein against the following named defendants: County of Nassau, Office of the Marshal of the County of Nassau, and Walter Diak, a Marshal attached to the District Court of the County of Nassau. This action is brought to recover damages for the alleged unlawful eviction of the plaintiffs from their residence. The complaint sets forth a cause of action for general damages and a separate cause for treble damages pursuant to section 853 of the Real Property Actions and Proceedings Law, formerly section 535 of the Real Property Law.
*845 This action arises from a summary dispossess proceeding instituted in the District Court of Nassau County against the plaintiffs as tenants by the defendants Randazzo as landlords for nonpayment of rent. In that proceeding, the landlords procured a final order and the issuance of a warrant commanding the Marshal of the District Court to remove the tenants (plaintiffs herein) from possession. The plaintiffs served a notice of appeal from the order, but in the intervening period, the Marshal executed the warrant and evicted the plaintiffs from possession upon giving the prescribed 24-hour notice (Real Property Actions and Proceedings Law, § 749).
Thereafter, the final order granted by the District Court was reversed on appeal by the Appellate Term, and a new trial directed. On the retrial of the case, the court refused to grant an order in the summary proceeding on the ground that the relationship between the parties was that of creditor-debtor rather than landlord-tenant. This determination was based on a finding that the deed to the premises had been delivered to the Randazzos by the Pisanos only as security for a loan.
The Marshal to whom the warrant was delivered was required to execute the mandate according to its command (CPLR 2223) under the penalty of being subjected to liability for damages incurred by the person who procured its issuance (Public Officers Law, § 72-a). A Marshal’s duty to execute a warrant for removal of a tenant in a summary proceeding is mandatory (Matter of Altman v. Joffe, 138 Misc. 745). Moreover, an action in the nature of trespass founded upon a warrant of the court will not lie where the court has jurisdiction of the parties and the subject matter (Fischer v. Langbein, 103 N. Y. 84, 94; Bornstein v. Levine, 7 A D 2d 843; Solomon v. Baar, 168 Misc. 439, affd. 255 App. Div. 849). The warrant was issued after the decision of the District Court, and in implementation thereof; and no liability attaches to any party for the consequences of the court’s erroneous interpretation of the law, unless the mandate was irregularly issued or void for want of jurisdiction or was procured through willful concealment of material facts (cf. Safie v. Safie, 19 A D 2d 900).
The papers submitted on this motion clearly establish that the warrant was lawfully issued. The Marshal could not rightfully refuse to enforce it on the speculation that the order of the court would be reversed; and no stay of execution of the warrant was requested or obtained by the Pisanos other than the five-day stay specified in the final order itself. No automatic stay resulted from the service of the tenants’ notice of appeal in the absence of filing the required undertaking (Real *846 Property Actions and Proceedings Law, § 751). The first cause- of action is, therefore, fatally defective as to the moving parties.
The second cause of action to recover treble damages under section 853 of the Real Property Actions and Proceedings Law is also insufficiently pleaded. This action is the historical remedy for forcible entry and detainer. It has long been established that such an action is not maintainable unless the force employed to oust a tenant tends to bring about a breach of peace, and the entry is gained with a strong hand or with personal violence, or with threat and menace to life and limb under circumstances which would naturally inspire fear and lead one to apprehend danger of personal injury if he stood up in defense of his possession (Fults v. Munro, 202 N. Y. 34). The facts tending to show that these requirements exist must be pleaded (Drinkhouse v. Parka Corp., 3 N Y 2d 82, 91-92). The necessity for so pleading has not been eliminated by the provisions of the Civil Practice Law and Rules. A complaint must be sufficiently particular to give notice of the occurrences intended to be proved and the material elements of each cause of action. The pleading here is devoid of particularization in both respects.
The opposing affidvait submitted by plaintiffs does not amplify or particularize the general allegations of this cause of action. As hereinabove indicated, the entry of the Marshal was under valid process and therefore lawful. Plaintiffs set forth no facts whatsoever in support of their allegations that defendants “ with threats and in a forcible manner ” put plaintiffs out of possession and kept them out “by putting them in fear of personal violence ”.
Counsel for plaintiffs has requested that his papers in opposition to the motion to dismiss, be considered as a cross motion by plaintiffs for summary judgment. Counsel for the moving parties has correctly pointed out that this request cannot be granted since issue has not been joined (CPLR 3212). However, the court has considered said request as one for leave to “ plead again ” under subdivision (e) of rule 3211 of the Civil Practice Law and Rules; and said request is denied, inasmuch as plaintiffs’ papers do not show evidence indicating “ good ground” to support either cause of action. Motion to dismiss is granted.