Francis J. Donovan, J.
This is a proceeding pursuant to article 7 of the Real Property Actions and Proceedings Law.
Petitioner seeks relief pursuant to section 713 of that act on the ground that petitioner was in quiet possession of a vacant piece of land to the rear of his dwelling for more than three years and after such period he was dispossessed by forcible entry by respondent.
The facts are as follows:
Petitioner was in uninterrupted possession of the fenced area shown on petitioner’s Exhibit 3 in evidence for more than three years prior to the occurrence which gave rise to this proceeding.
The area is approximately 20 feet beyond the rear line of Lots 807 and 808 on the amended map of Golf Grounds which was received in evidence. Title to Lots 807 and 808 is in the petitioner but there is no evidence to establish title in either petitioner or respondent as to the 20-foot area heretofore described. Respondent entered the 20-foot area over petitioner’s protest; tore down the fence which had been erected, by petitioner; dug a ditch through the area to relocate and *486 drain a brook and cut the ditch into petitioner’s property along a course shown in petitioner’s Exhibit 4 in evidence.
The proceeding is unique in that neither party attempted to show title to the disputed area and no action has been commenced to establish title to the area or to obtain any injunctive relief. Nor has any action in trespass been commenced to recover damages. The principal issue raised in the briefs of the parties is whether or not the court may grant any relief on the facts proven.
Respondent contends, citing Pisano v. County of Nassau (41 Misc 2d 844), and Jennings v. High Farms Corp. (35 Misc 2d 80), that the statute does not apply unless the force applied by the intruder is such that it tends to bring about a breach of peace with threat and menace to life and limb and that a claim of trespass cannot form the basis of a claim of forcible entry.
Petitioner does not seek either compensatory or exemplary damages and points out that the relief under article 7 of the statute and the facts upon which it is predicated are different from those in article 8 of the former Real Property Law (§ 535) (now found in Real Property Actions and Proceedings Law, § 853).
The Jennings case is distinguishable not only on the latter ground but also in view of the fact that the court’s disposition was based on a failure to allege adequate facts. The Pisano case is readily distinguishable because it involved an entry by a Marshall in a landlord-tenant proceeding. An entry under valid process cannot be deemed forcible within the meaning of either statute.
In construing the application of the statute we must bear in mind the obvious purpose, namely, to obtain the settlement of disputes without resort to force of - any kind. Obviously if a person has been in quiet possession of premises for three years his eviction by force is likely to provoke trouble. In the case at bar petitioner should not be prejudiced because he exercised discretion and declined to stand before a bulldozer, thus provoking the violence which the statute seeks to avoid. The entry was forcible.
There is a real distinction between proceedings for damages and a proceeding seeking mere possession. The practice where damages were sought for forcible entry was for the jury to fix the damage and then on motion the court would determine whether or not to triple the amount therein (Sing v. Fein, 33 Misc. 608; Merchand v. Haber, 16 Misc. 322).
*487 It is obvious that a trespass might be committed entitling a plaintiff to compensatory damage but because of good faith or color of right, or absence of excessive violence the defendant should not be penalized by paying three times the amount of damage. Therefore in a case such as Pisano (supra) or Jennings (supra) strong proof and much violence may be required because of the punitive nature of the remedy.
However, in the case at bar, forcible entry and the ejection of petitioner who was in quiet possession for the statutory period suffices to make out a case to the extent that, as between petitioner and the respondent, petitioner is entitled to possession until such time as a court of competent jurisdiction shall have determined otherwise. That is the sole purpose of the present proceeding. Petitioner seeks nothing more than a return to status quo as the situation was prior to respondent’s forcible entry into the disputed area. Absent the showing of title in the petitioner, this court will not direct respondent to fill his ditch or reconstruct the fence. In fact it is doubtful that the court would have sufficient power. This involved mandatory injunctive relief.
At any rate plaintiff may have judgment in accordance with the above opinion, to be restored to possession of the disputed area and a warrant will issue to evict the respondent, in the event that the respondent persists in exercising possession or dominion over the area.