Hon. Timothy O'Reilly Chief Assistant Dutchess County Attorney
You have asked for an opinion regarding the notice required when evicting a tenant who rents either space or a mobile home from a mobile-home-park owner or operator.
Section 233 of the Real Property Law (RPL) governs relations between a mobile-home-park owner and operator and a tenant, who is defined as "one who rents space in a mobile home park from a mobile home park owner or operator for the purpose of parking his mobile home or one who rents a mobile home in a mobile home park from a mobile home park owner or operator". No distinction is made between tenants who rent space and tenants who rent a mobile home.
Section 233 (d) provides that proceedings to evict under section 233 are governed by the procedures set forth in Article 7 of the Real Property Actions and Proceedings Law (RPAPL) except for RPAPL, § 749 (2), which requires at least seventy-two hours' notice before enforcing a warrant of eviction. RPL, § 233 (d) (1) and (2) explicitly supersedes as to mobile homes the notice requirements of RPAPL, § 749 (2). Under RPL, § 233 (d) (1), an officer to whom an eviction warrant is directed and delivered must give at least ninety days' notice in writing to the "person or persons" to be evicted or dispossessed. ("Person or persons" in this context means "mobile home tenant or tenants" because, under section 233 [b], the only person or persons a mobile-home-park owner or operator can evict is a mobile-home tenant.) This ninety-day time period may be reduced only if a court finds that the conditions upon which the eviction is founded pose an imminent threat to the health, safety, or welfare of other mobile-home tenants in the mobile-home park. Under those conditions, the court may order that such warrant be directed and delivered with only thirty days' written notice. This is the only authorization given to a court to specify the notice required before a warrant of eviction from a mobile-home park may be carried out. Any other specification of time of notice is unauthorized unless it is redundant — that is, if it reminds the sheriff that his duty is to give ninety days' notice.
You have also asked what is the liability, if any, of a sheriff who serves a warrant for eviction which on its face is not in compliance with the notice requirement of RPL, § 233. This question raises a preliminary question: may a sheriff ignore the unauthorized time limit contained in the warrant?
Ordinarily, a sheriff to whom a warrant is delivered is required to execute the mandate according to its command (Civil Practice Law and Rules, § 2223; Pisano v County of Nassau, 41 Misc.2d 844 [Sup Ct, Sp Term, Nassau Co, 1963], affd 21 A.D.2d 754 [2d Dept, 1964]). In particular, a sheriff has a mandatory duty to execute a warrant for removal of a tenant in a summary proceeding (ibid.; Matter of Altman vJoffee, 138 Misc. 745 [Sup Ct, Bronx Co, 1931]).
However, a sheriff need not comply with unauthorized directions as to the return of a warrant (Weinstein-Korn-Miller, N Y Civ Prac, par 5230.12, pp 52-516; Wright v Nostrand, 94 N.Y. 31, 48 [1883], mod on other grds98 N.Y. 669). Where the law prescribes the sheriff's duty in making returns, he is not controlled by unauthorized directions in the warrant (ibid.). Since RPL, § 233 (d) (1) directs the sheriff to give at least ninety days' notice prior to evicting a mobile-home tenant, the sheriff may ignore directions in a warrant which are contrary to his statutory duty. (This is subject to the statutory exception that authorizes the Court to reduce the notice to only thirty days.)
If a sheriff does execute a warrant according to the unauthorized time limit, he may be liable to the persons who are evicted pursuant to the warrant. Section 13 (a) of Article XIII of the New York State Constitution provides that the "county shall never be made responsible for the acts of the sheriff." (See Barr v County of Albany, 94 Misc.2d 236
[Sup Ct, Albany Co, 1978]; 1974 Op Atty Gen 94.) As a result, a sheriff remains liable for his own acts or omissions (ibid.). A sheriff is entitled, however, to a limited immunity while discharging his public responsibilities (Teddy's Drive In v Cohen, 47 N.Y.2d 79 [1979]). As a general rule, a court order affords complete protection to a sheriff from liability for any proper or necessary act done in its execution. (See,e.g., Pisano v County of Nassau, supra.) However, where a court order is void because it is in excess of the court's jurisdiction and this is apparent on the face of the order, a sheriff may not escape liability by relying on the order. (See, Pisano v County of Nassau, supra; Matter ofStrulson v Pollack, 33 Misc.2d 177 [Sup Ct, New York Co, 1962]; Nervo vMealey, 175 Misc. 952 [Sup Ct, New York Co, 1940]; Carmody-Wait § 62:83.)
We conclude that section 233 of the Real Property Law requires a sheriff to give at least ninety days' notice before executing a warrant to evict a mobile-home tenant, subject to a reduction to only thirty days' notice. Where a warrant of eviction directs a sheriff to give only seventy-two hours' notice to a mobile-home tenant, the sheriff may ignore the unauthorized time limit in the warrant. If the sheriff executes the warrant within the unauthorized time limit, he may be liable to persons who are evicted sooner than permitted by law.