remitted the matter to Trial Term for a determination of petitioners' rights under the agreement *(Matter of Reese v Lombard,* 47 AD2d 327). Following a plenary trial, trial court ordered the Sheriff to reinstate petitioners to the positions to which they were promoted on December 28, 1975 together with all back pay and all other benefits lost as a result of their demotions. Trial court found that the parties intended the words "disciplinary demotions", as used in the agreement, to mean all demotions, and that all demotions were required to be supported by a showing of just and sufficient cause and that the Sheriff had failed to make any showing that these demotions were made for just and sufficient cause. Subsequent to our decision in the previous appeal in this matter, the Court of Appeals affirmed an order of the Appellate Division, Third Department, which held that a provision in a collective bargaining agreement which provided civil service protection to the Sheriff's civil deputies was unenforceable against a newly elected Sheriff who had not been a party to the negotiations of the agreement *(Matter of Sirles v Cordary,* 40 NY2d 950, aff'g 49 AD2d 330). Our ruling that the agreement made by the former Sheriff is binding upon his successor is now limited only to those Sheriffs who perform exclusively criminal functions *(Matter of Flaherty v Milliken,* 193 NY 564; *Amico v Erie County Legislature,* 36 AD2d 415, affd 30 NY2d 729; see, also, *Matter of O'Brien v Ordway,* 218 NY 509; *Matter of Grifenhagen v Ordway,* 218 NY 451; *Enstrom v City of New York,* 258 App Div 672). In the *Sirles* case the court found as a matter of law, that since Madison County has only one jail for the detention of persons under civil and criminal process, the duties of assistant jailer relates to both civil and criminal matters (49 AD2d 330, 332). The record before us is devoid of any proof respecting the nature of petitioner's duties in Monroe County. Since the binding effect of the contract on the successor Sheriff is dependent on the determination of which deputies, if any, actually perform solely criminal duties *(Matter of Sirles v Cordary, supra; Matter of Milliken, supra).* This case must be remitted for the purpose of taking further proof on the type of duties performed by petitioners. The hearing should be limited to this issue and held as expeditiously as possible. (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.

■ In the Matter of WILLIAM SEXSTONE, Respondent, v WILLIAM M. LOMBARD, as Sheriff of Monroe County, Appellant, and LUCIEN A. MORIN, as Manager for Monroe County, et al., Respondents. (Appeal No. 2.)—Case held, decision reserved and matter remitted to Special Term, Monroe County, for a hearing in accordance with same memorandum as in *Matter of Reese v Lombard* (57 AD2d 705). (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.

■ In the Matter of RICHARD C. SCHOTT, Respondent, v WILLIAM M. LOMBARD, as Sheriff of Monroe County, Appellant, and LUCIEN A. MORIN, as Manager for Monroe County, et al, Respondents. (Appeal No. 3.)—Case held, decision reserved and matter remitted to Special Term, Monroe County, for a hearing in accordance with same memorandum as in *Matter of Reese v Lombard* (57 AD2d 705). (Appeal from judgment of Monroe Supreme Court —art 78.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.

■ In the Matter of DAVID C. STEINMILLER, Respondent, v WILLIAM M. LOMBARD, as Sheriff of Monroe County, Appellant, and LUCIEN A. MORIN, as Manager for Monroe County, et al., Respondents. (Appeal No. 4.)—Case held, decision reserved and matter remitted to Special Term, Monroe