remitted the matter to Trial Term for a determination of petitioners' rights under the agreement *(Matter of Reese v Lombard,* 47 AD2d 327). Following a plenary trial, trial court ordered the Sheriff to reinstate petitioners to the positions to which they were promoted on December 28, 1975 together with all back pay and all other benefits lost as a result of their demotions. Trial court found that the parties intended the words "disciplinary demotions", as used in the agreement, to mean all demotions, and that all demotions were required to be supported by a showing of just and sufficient cause and that the Sheriff had failed to make any showing that these demotions were made for just and sufficient cause. Subsequent to our decision in the previous appeal in this matter, the Court of Appeals affirmed an order of the Appellate Division, Third Department, which held that a provision in a collective bargaining agreement which provided civil service protection to the Sheriff's civil deputies was unenforceable against a newly elected Sheriff who had not been a party to the negotiations of the agreement *(Matter of Sirles v Cordary,* 40 NY2d 950, aff'g 49 AD2d 330). Our ruling that the agreement made by the former Sheriff is binding upon his successor is now limited only to those Sheriffs who perform exclusively criminal functions *(Matter of Flaherty v Milliken,* 193 NY 564; *Amico v Erie County Legislature,* 36 AD2d 415, affd 30 NY2d 729; see, also, *Matter of O'Brien v Ordway,* 218 NY 509; *Matter of Grifenhagen v Ordway,* 218 NY 451; *Enstrom v City of New York,* 258 App Div 672). In the *Sirles* case the court found as a matter of law, that since Madison County has only one jail for the detention of persons under civil and criminal process, the duties of assistant jailer relates to both civil and criminal matters (49 AD2d 330, 332). The record before us is devoid of any proof respecting the nature of petitioner's duties in Monroe County. Since the binding effect of the contract on the successor Sheriff is dependent on the determination of which deputies, if any, actually perform solely criminal duties *(Matter of Sirles v Cordary, supra; Matter of Milliken, supra).* This case must be remitted for the purpose of taking further proof on the type of duties performed by petitioners. The hearing should be limited to this issue and held as expeditiously as possible. (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.

■ In the Matter of WILLIAM SEXSTONE, Respondent, v WILLIAM M. LOMBARD, as Sheriff of Monroe County, Appellant, and LUCIEN A. MORIN, as Manager for Monroe County, et al., Respondents. (Appeal No. 2.)—Case held, decision reserved and matter remitted to Special Term, Monroe County, for a hearing in accordance with same memorandum as in *Matter of Reese v Lombard* (57 AD2d 705). (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.

■ In the Matter of RICHARD C. SCHOTT, Respondent, v WILLIAM M. LOMBARD, as Sheriff of Monroe County, Appellant, and LUCIEN A. MORIN, as Manager for Monroe County, et al, Respondents. (Appeal No. 3.)—Case held, decision reserved and matter remitted to Special Term, Monroe County, for a hearing in accordance with same memorandum as in *Matter of Reese v Lombard* (57 AD2d 705). (Appeal from judgment of Monroe Supreme Court —art 78.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.

■ In the Matter of DAVID C. STEINMILLER, Respondent, v WILLIAM M. LOMBARD, as Sheriff of Monroe County, Appellant, and LUCIEN A. MORIN, as Manager for Monroe County, et al., Respondents. (Appeal No. 4.)—Case held, decision reserved and matter remitted to Special Term, Monroe

County, for a hearing in accordance with same memorandum as in *Matter of Reese v Lombard* (57 AD2d 705). (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.

■ In the Matter of ALBERT D. DETANDT, Respondent, v WILLIAM M. LOMBARD, as Sheriff of Monroe County, Appellant, and LUCIEN A. MORIN, as Manager for Monroe County, et al., Respondents. (Appeal No. 5.)—Case held, decision reserved and matter remitted to Special Term, Monroe County, for a hearing in accordance with same memorandum as in *Matter of Reese v Lombard* (57 AD2d 705). (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.

■ SCHULER-HAAS ELECTRIC CORP., Appellant, v WAGER CONSTRUCTION CORP. et al., Respondents.—Order unanimously affirmed, without costs. Memorandum: Plaintiff was the electrical subcontractor of defendant Wager Construction Corporation in the construction of the Wilson Commons Building, owned by defendant Dormitory Authority, at the University of Rochester. During the construction, Wager assigned its contract to defendant Rouse Construction Company. The remaining defendants are the bonding companies. Plaintiff brings this action to recover for damages for costs incurred as the result of change orders, delays in construction, and alleged interference with the performance of its contract. It alleges causes of action based upon: (1) negligence, (2) the failure of defendant Wager to process plaintiff's claim for extra work as required by the subcontract (par 14.5 of the subcontract provides that the subcontractor agreed to process any claims for "extra work, delay or changed conditions", including those occurring by reason of an "act or omission" by the owner, through the contractor), (3) recovery upon the bond and (4) breach of contract. The Dormitory Authority moved to dismiss the complaint as against it and Special Term granted the motion. On the appeal from that order we consider only the first and fourth causes of action. The first cause of action was properly dismissed because of plaintiff's failure to timely file a notice of claim (see Public Authorities Law, § 1691; General Municipal Law, § 50-e). The correspondence which plaintiff relies upon to support its negligence cause of action was not intended as notice to the Dormitory Authority and does not satisfy the statutory requirements for such notices. Plaintiff's fourth cause of action alleges that it attempted to perform its contract for electrical work but that the defendants "did breach, abandon and failed to carry out and perform" the terms and conditions of the contract, thereby "delaying and interfering with" plaintiff's performance. It seeks to recover damages from the defendants for the additional expenses resulting from the delay. The terms of the general contract, which were incorporated into the subcontract by reference, expressly negated any contractual liability between the owner and the subcontractor. In view of the contract's language, plaintiff may not claim to be a third-party beneficiary or to have any contractual rights against the Dormitory Authority based upon a presumed assent to be responsible for payment to plaintiff. Plaintiff alleges that it may recover from the Dormitory Authority, however, on the theory of a contract implied in law, or *quasi* contract. To recover in *quasi* contract, plaintiff must prove that it performed work or services for defendant which resulted in defendant's unjust enrichment (see *Alko Mfg. Corp. v Neptune Meter Co.,* 20 AD2d 635, affd 16 NY2d 777; *Robbins v Cooper Assoc.,* 19 AD2d 242, revd on other grounds 14 NY2d 913). A benefit must have passed from plaintiff to