■ COUNTY OF MONROE et al., Respondents, v AFSCME, COUNCIL 82, et al., Appellants. — Case held, decision reserved and matter remitted to Special Term, Monroe County, for a hearing in accordance with the following memorandum: Respondent unions appeal from an order of Special Term which stayed arbitration of a grievance filed on behalf of one Richard Fagan, a deputy sheriff of Monroe County. The grievance was precipitated by the dismissal of Fagan by Sheriff Andrew Meloni pursuant to the latter's incumbency which began on January 1, 1980, the effective date of the dismissal. It is argued that the dismissal is in violation of a collective bargaining agreement entered into between the county and the then Sheriff of Monroe County and the unions. The agreement had a two-year term from January 1, 1978 to December 31, 1979. It is to be noted, parenthetically, that in April of 1980 a new agreement, virtually identical to the preceding agreement, was executed, with Sheriff Meloni a party, and with a term running from January 1, 1980 to December 31, 1981. If no new agreement had been executed, the 1978 agreement, by its terms, was automatically renewable on a year-to-year basis; thus, there can be no question that a collective bargaining agreement was in existence at the time of Fagan's discharge. The provision of the agreement which gave rise to the grievance was the prohibition against discharge of an employee with at least 24 months' service with the department without a showing of just cause after a departmental hearing upon stated charges. Familiar law establishes that appointees of the Sheriff whose duties relate exclusively to the functions of the Sheriff in criminal matters are considered to be in the service of the public and subject to civil service regulations. Those who perform civil duties of the office, in whole or in part, are in the personal service of the Sheriff who may be held personally liable for their negligence or misconduct in the execution of civil duties (*Matter of Flaherty v Milliken,* 193 NY 564; *Matter of Reese v Lombard,* 57 AD2d 705; *Matter of Sirles v Cordary,* 49 AD2d 330, affd 40 NY2d 950; *Amico v Erie County Legislature,* 36 AD2d 415, affd 30 NY2d 729; see, also, *Matter of Reese v Lombard,* 60 AD2d 793, affd 46 NY2d 904). It matters not whether the civil service protection extended to employees results from a local law or is gained through a collective bargaining agreement. Thus, a newly elected Sheriff is bound by the agreement made by his predecessor, but only to the extent that the agreement relates to those employees who perform exclusively criminal functions (*Matter of Reese v Lombard,* 57 AD2d 705, 706,

decision after remittitur 60 AD2d 793, affd 46 NY2d 904, *supra*). The provision in the agreement here whereby the County of Monroe agrees to defend and indemnify an employee of the Sheriff's department in any civil suit arising out of the employee's performance of his duties does not change this result. This provision is lacking in breadth, because intentional wrongdoing, gross negligence, failure to notify the county of a claim, and failure to co-operate in defending the suit relieve the county of liability. The Sheriff, however, could still be held responsible for these acts of his civil deputies under the doctrine of *respondeat superior* (*Riviello v Waldron,* 47 NY2d 297, 302; Prosser, Torts [4th ed], § 69; 37 NY Jur, Master and Servant, § 157). Since the potential liability of the Sheriff exceeds the scope of the indemnification provisions of the contract, Sheriff Meloni cannot be denied his right to employ only those civil deputies of his own choosing. Special Term, at least by implication, found that Deputy Fagan was a civil deputy and stayed arbitration. On a motion to renew and reargue in which this precise issue was raised for the first time, the court denied the motion without a hearing. Since the record before us is devoid of any proof respecting Deputy Fagan's duties in Monroe County, the case must be remitted for the purpose of taking further proof on the type of duties he performed, and a new order should be entered on the application to stay arbitration in the light of the proof thus adduced and the principles stated herein. Under the circumstances, the appeal from the order staying arbitration is dismissed as moot. (Appeal from orders of Supreme Court, Monroe County, Mastrella, J. — stay arbitration.) Present — Dillon, P. J., Callahan, Doerr, Denman and Moule, JJ.