■ COUNTY OF MONROE et al., Respondents, v AFSCME, COUNCIL 82 et al., Appellants. — Order entered March 2, 1984, unanimously reversed, on the law and facts, without costs, and petition dismissed. Appeals from orders entered January 19 and June 25, 1981 dismissed as moot. Memorandum: Petitioners brought this proceeding to stay arbitration of respondent's grievance emanating from the discharge of one Richard Fagan as a deputy sheriff by the then newly elected Sheriff of Monroe County, Andrew Meloni. Meloni claimed a right to discharge Deputy Fagan, despite the existence of a prior collective bargaining agreement providing that persons employed for at least 24 months may be dismissed only for cause shown after a hearing, on the grounds that Deputy Fagan, who was assigned to jail guard duties, might have contact with civil prisoners, thereby rendering Meloni vicariously liable. When the case was before us previously, we observed that the record was barren of any indication as to Deputy Fagan's duties and we, therefore, remitted the matter for a hearing (*County of Monroe v AFSCME, Council 82,* 90 AD2d 968).

On remittitur, the court granted the motion to stay arbitration finding that although Fagan had been assigned exclusively to criminal duties, he "could have been employed in duties which involved civil prisoners." We reverse.

As we noted in our earlier decision, the right of a Sheriff to discharge a deputy without cause, in spite of a collective bargaining agreement or the application of the Civil Service Law to the contrary, hinges upon the nature of the duties performed by the deputy in the discharge of his duties. "[A]ppointees of the Sheriff whose duties relate exclusively to the functions of the Sheriff in criminal matters are considered to be in the service of the public and subject to civil service regulations. Those who perform civil duties of the office, in whole or in part, are in the personal service of the Sheriff who may be held personally liable for their negligence or misconduct in the execution of civil duties (*Matter of Flaherty v Milliken,* 193 NY 564; *Matter of Reese v Lombard,* 57 AD2d 705; *Matter of Sirles v Cordary,* 49 AD2d 330, affd 40 NY2d 950; *Amico v Erie County Legislature,* 36 AD2d 415, affd 30 NY2d 729; see, also, *Matter of Reese v Lombard,* 60 AD2d 793, affd 46 NY2d 904)" (*County of Monroe v AFSCME, Council 82, supra*).

On the record before us, it is uncontroverted that respondent was first employed on January 17, 1972 as a guard in the Monroe County jail. He was promoted to guard I on August 4, 1974 and on December 31, 1977 was promoted to corporal. Since becoming a corporal, Fagan was assigned exclusively to criminal duties, i.e., the job of guarding criminal prisoners. Indeed, Fagan's superior testified that he assigned Fagan to the jail area housing criminal prisoners because of his background in law enforcement, his age, and maturity. Testimony at the hearing also established that civil prisoners are housed in a separate area of the jail and on a different floor from the one to which Fagan was assigned. No civil prisoners were ever housed in the detention area where Fagan worked.

In finding that respondent could have been employed in duties which involved civil prisoners, the court acknowledged that "there is no more than a presumption before the court that he must sometimes have carried out duties which involved either directly or indirectly civil prisoners." We observe, however, that all deputies in a Sheriff's Department could conceivably, at some time, come into contact with civil prisoners. This is not dispositive, however, for the end result would be that civil service protections could never apply to any employees of the Sheriff's Department, a result clearly contrary to law (*Amico v Erie County Legislature, supra*).

That Monroe County has one jail housing both civil and criminal detainees is of no moment. This is quite likely the rule, not the exception, in most counties in the State. The questions presented must be determined not on the basis of the facility provided by the county, but, rather, on the duties actually assigned to the deputies. Unlike the situation in *Matter of Flaherty v Milliken (supra)*, in which the Court of Appeals noted that the duties of the employees in question, as shown by the affidavits, involved both civil and criminal prisoners, Fagan's duties herein involved solely criminal functions. That being the case, Sheriff Meloni was in no danger of exposing himself to civil liability based on the actions of Deputy Fagan and, therefore, cannot claim a right to replace him with another of his own choosing (see *Matter of Sirles v Cordary, supra*). (Appeal from order of Supreme Court, Monroe County, Tillman, J. — stay arbitration.) Present — Dillon, P. J., Callahan, Doerr, Denman and Moule, JJ.