In the Matter of JAMES F. O'BRIEN, as Sheriff of the County of Bronx, Respondent, *v.* SAMUEL H. ORDWAY et al., Composing the Civil Service Commission of the State of New York, Appellants.

Sheriffs — civil service — when elevator operator in a county jail who acts as custodian of prisoners held by sheriff, under civil process, is agent of sheriff personally and not within purview of civil service laws.

An elevator operator in a county jail who is in good faith employed from time to time to act as the custodian of prisoners held by the sheriff under civil process is the sheriff's agent, and to that extent in the service of the sheriff personally, and, therefore, outside the purview of the civil service laws and regulations. (*Matter of Flaherty v. Milliken,* 193 N. Y. 564, reaffirmed.)

*Matter of O'Brien v. Ordway,* 173 App. Div. ——, affirmed.

(Argued May 23, 1916; decided July 11, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 14, 1916, which affirmed an order of Special Term granting a motion for a peremptory writ of mandamus to compel the state civil service commission to classify the position of elevator operator in the Bronx county jail in the non-competitive class and to certify payrolls with the name of the sheriff's appointee to said position thereon.

The facts, so far as material, are stated in the opinion.

*Egburt E. Woodbury, Attorney-General (James S. Y. Ivins* of counsel), for appellants. The sheriff cannot, by imposing duties connected with the execution of civil process upon a county employee, properly in the competitive class, exempt him from the operation of the Civil Service Law. (*People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92; *Matter of Simons* v. *McGuire*, 204 N. Y. 253; *People ex rel. Hoefle* v. *Cahill*, 188 N. Y. 489; *Chittenden* v. *Wurster*, 152 N. Y. 360.)

*William Cohn* for respondent. The appointees of the sheriff's office sustain a highly confidential relation to the sheriff, who delegates them to act in his place and stead in the matters involving discretion and the highest degree of skill and integrity, and it is not practical to fill such positions by competitive examinations. (*Blust* v. *Collier*, 62 App. Div. 478; *People ex rel. Sweet* v. *Lyman*, 147 N. Y. 368; *People ex rel. Crummey* ,v. *Palmer*, 152 N. Y. 217; *People ex rel. Flood* v. *Gardner*, 157 N. Y. 520; *People ex rel. Simmons* v. *Collier*, 79 App. Div. 636; *People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92; *Chittenden* v. *Wurster*, 152 N. Y. 352; *Flaherty* v. *Milliken*, 193 N. Y. 564.)

Willard Bartlett, Ch. J. We agree with the learned judge who heard this application at Special Term that the papers show without substantial contradiction that the elevator operator employed by the sheriff in the Bronx county jail is required at times in the performance of his regular duties to have the sole custody of prisoners detained under civil process. This brings the case within the rule of *Matter of Flaherty* v. *Milliken* (193 N. Y. 564).

There is nothing to indicate that this employment of the elevator operator is for the purpose of evading the civil service laws. If the board of estimate and apportionment wishes to prohibit the elevator man from exer-

cising any functions relating to civil prisoners it can restrict his duties accordingly, thus compelling the sheriff to commit such prisoners to the custody of some other agent while removing them from one portion of the jail to another. So long, however, as the elevator operator is in good faith employed from time to time to act as the custodian of prisoners held by the sheriff under civil process, he is the sheriff's agent and to that extent in the service of the sheriff personally and, therefore, outside the purview of the civil service laws and regulations.

In this case, for the second time within six weeks, we are asked by the representatives of the attorney-general to overrule our decision in *Matter of Flaherty* v. *Milliken* (*supra*). We have declined to do so in *Matter of Grifenhagen* (218 N. Y. 451) and must decline again now. We re-affirm in spirit and letter the opinion of Chief Judge CULLEN in that case.

The order appealed from should be affirmed, with costs.

POUND, J. (dissenting). The contention of the sheriff is that because the elevator operator is required at times to have custody of civil prisoners, the position falls within the rule laid down by this court in *Matter of Flaherty* v. *Milliken* (193 N. Y. 564). The answering affidavit of the secretary of the civil- service commission shows that the only contact of the elevator operator with civil prisoners is occasionally when a woman civil prisoner, other than a woman detained as a witness in criminal cases, uses the elevator; that on such occasions the prisoners are not necessarily in the custody of the operator, and that by reason of the construction of the prison an escape could not result from overpowering the operator.

The Special Term granted an order for a peremptory writ of mandamus upon the ground that it is uncontradicted that the custody of civil prisoners is properly part of the duties of the elevator operator; and the order pro-

vided not only that the writ should direct the civil service commission to certify the payroll, but also that it should classify the elevator operator in the exempt or non-competitive class. This order was affirmed by the Appellate Division.

I am unable to concur for affirmance.

As the sheriff may protect himself from financial responsibility for the acts of his appointees by requiring them to give bonds or other security (Civil Service Law, § 14), and as the Constitution (Art. V, § 9) requires that appointments in the civil service of the county shall be made (a) according to merit and fitness, which shall be ascertained so far as practicable (b) by examination, which shall so far as practicable (c) be competitive, it seems inexpedient to extend the doctrine of the *Flaherty* case to all appointees of the sheriff who have to do with civil prisoners. When the same man is both sheriff's agent as to prisoners detained under civil process and public employee as to prisoners detained under criminal process, the state civil service commission should consider all the duties of the position and classify it as exempt, non-competitive or competitive as the law and the facts dictate. When the custody of civil prisoners is so slight and incidental a part of his duties as in this case, and the sheriff may without inconvenience relieve him from such duties, classification of the position in the competitive class is proper.

The order appealed from should be reversed and the writ dismissed.

CHASE, CUDDEBACK and HOGAN, JJ., concur with WILLARD BARTLETT, Ch. J.; POUND, J., reads dissenting opinion, and HISCOCK and CARDOZO, JJ., concur with him.

Order affirmed.