EVA ISEREAU, as Administratrix of the Estate of MARY F. DAILEY, Deceased, Appellant-Respondent, v. ALBERT E. STONE, Individually and as Sheriff of Onondaga County, Appellant, and County of Onondaga, Respondent.*

Fourth Department, March 13, 1957.

* See, also, *Farley* v. *Stone*, 3 A D 2d 810.

*Hilbert I. Greene* for appellant-respondent.

*Julian W. Edgcomb, County Attorney* (*Eli Gingold* of counsel), for appellant and respondent.

BASTOW, J.  This appeal brings up for review an order made as the result of the motion of both defendants to dismiss the complaint for legal insufficiency.  The pleading was dismissed as to the defendant, County of Onondaga, and plaintiff appeals from that determination.  The codefendant, the Sheriff of Onondaga County, also sued as an individual, appeals from so much of the order as denied his motion to dismiss.

The action is one to recover damages for the death of plaintiff's intestate, who it is alleged in the complaint was shot and killed by her husband, George Dailey, on March 22, 1953 in or near the hamlet of Warners.  In summary, it is alleged that prior to the shooting the defendants were given " due notice " through their " sheriff's deputies, agents, servants and employees " that Dailey had assaulted his wife with a deadly weapon, had threatened her life and had departed but would return and a further assault and possible murder were reasonably to be anticipated.  Thereafter, the defendants sent two deputy sheriffs to whom these facts were related and a request made for the protection of Mrs. Dailey.  The deputies commanded Mrs. Dailey to aid in arresting her husband and then left the premises.

There follow allegations that the deputies failed and refused to protect Mrs. Dailey, failed to carry out their duty to her and failed to prevent crime generally and in particular to arrest and apprehend Dailey. Thereafter the latter returned and the killing ensued.

It thus appears that if the pleading is found to allege a cause of action against either or both of these defendants it must be based on the acts of omission or commission of the deputy sheriffs. There is no allegation that the Sheriff in his official capacity or as an individual took any part in these happenings or had any notice of them. Neither is there any allegation that liability should attach to the defendant county except for the acts of the deputies.

Thus, if the pleading is to be sustained it must be determined that one or both of the defendants are liable for the acts of these deputy sheriffs, who it may fairly be inferred from the complaint, were performing duties as criminal deputies of the Sheriff as distinguished from civil deputies. In other words, in passing upon this question the search is to ascertain whether a deputy sheriff is discharging civil or criminal duties of the office. Here there can be no dispute that it was the latter.

An exploration of the history, both ancient and modern, of the office of sheriff and the clear line of demarcation between his civil and criminal duties might be of interest but it would serve no useful purpose. Our Court of Appeals has restated the applicable law in a series of decisions commencing with *Matter of Flaherty* v. *Milliken* (193 N. Y. 564). There a question arose as to the civil service status of certain deputies in the office of the Sheriff of Kings County. It was held that a sheriff is liable for the negligence and misconduct of his subordinates in the execution of civil process for in that respect they are in the service of the sheriff and not in the service of the county and the fact that the office of sheriff is a salaried one does not change the nature of the relationship. However, the relationship of the sheriff to his appointees in the discharge of the duties of the office relating to criminal matters differs from that in the discharge of civil duties. The court said that the relation between sheriff and deputy was not that of principal and agent, nor would the rule of *respondeat superior* apply. In criminal matters deputies were considered in the service of the public and not of the sheriff personally.

It would seem that this opinion in substance spells out the nonliability of the sheriff if deputies are in the service of the public. In discussing the liability of the sheriff for the negli-

gence or misconduct of his deputies in the execution of civil process the court said (p. 569): ''It may also be that the legislature might by an appropriate statute change the nature of the relation between the sheriff and his appointees so that the latter would no longer be strictly agents of the former but independent public officers liable for misconduct directly to any one injured by the same.'' The court then went on to point out the distinction as to deputies discharging criminal duties of the office and concluded, as heretofore stated, that such deputies are in the service of the public and not of the sheriff personally.

The decision in *Matter of Flaherty* (*supra*) was reviewed and reaffirmed in *Matter of Grifenhagen* v. *Ordway* (218 N. Y. 451) and in *Matter of O'Brien* v. *Ordway* (218 N. Y. 509). In some of these decisions the court speaks of the deputy in criminal matters not being in the service of the sheriff personally. We do not understand that by the use of this language there was any intent to differentiate between being in the service of the sheriff as an official and as an individual. The phraseology seems to be explained by the fact that since the Constitution of 1822 (N. Y. Const. [1822], art. IV, § 8) there has been a provision that '' the county shall never be made responsible for the acts of the sheriff '' (cf. N. Y. Const., art. IX, § 5). Thus, any liability of the sheriff for the acts of his deputies would be a personal liability because of this constitutional provision of nonliability on the part of the municipality based historically upon his earlier common-law and present statutory duties '' as an officer of the court and conservator of the peace within the county.'' (County Law, § 650.)

It thus seems to us that the foregoing decisions establish the rule that the deputies in this case were discharging criminal duties of the sheriff's office and as such were in the service of the public and the Sheriff may not be held personally liable for their alleged acts of negligence, misfeasance or nonfeasance. We recognize that other jurisdictions have taken differing views upon the subject and '' Just what the status of the relationship between officer (sheriff) and his deputy is, is one of conflicts '' (1 Anderson on Sheriffs, p. 71) but we conclude that our highest court in a line of decisions from which it has consistently refused to retreat has marked the path for us to follow. The principles enunciated therein have been followed by other courts. (Cf. *Miller* v. *City of New York*, 266 App. Div. 565; *Enstrom* v. *City of New York*, 258 App. Div. 672.)

The allegations of the complaint are legally insufficient to state a cause of action against the defendant, Stone, either as

an individual or in his official capacity. By the same reasoning, if these deputies are in the service of the public they are independent officers and not in the employ of the county. The relationship of principal and agent does not exist and for these reasons the municipality is not civilly liable for their acts. On the other hand, if the conduit of liability is claimed to be through the Sheriff the constitutional mandate that the county shall never be made responsible for the acts of a sheriff throws a mantle of immunity around the municipality. We conclude that the complaint fails to state a cause of action against the county.

The order insofar as it dismissed the complaint against the County of Onondaga should be affirmed and insofar as the order denied the motion of the defendant, Stone, it should be reversed, the motion granted and the complaint dismissed on the merits.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

Order insofar as it dismisses the complaint against the County of Onondaga affirmed; order insofar as it denies motion of the defendant Stone reversed and motion granted and complaint dismissed on the merits, without costs of these appeals to any party.