Hamilton Ward, J.
Both defendants move for judgment dismissing the complaint as to each upon the ground that the complaint does not state facts sufficient to constitute a cause of action. Without discussion, the motion of the County of Erie is granted because section 5 of article IX of the Constitution of the State of New York which provides in part: 1 ‘ But the county shall never be made responsible for the acts of the sheriff.”
*990 The motion by the Sheriff of Erie County cannot be disposed of with such facility and requires discussion.
The action is one to recover damages for personal injuries suffered by the infant plaintiff while a prisoner in the Erie County jail pursuant to a commitment in a criminal proceeding. It is alleged in the complaint that he suffered injuries as the result of unlawful conduct by other inmates and that such conduct occurred because the Sheriff ‘‘ negligently and carelessly permitted the Erie County Jail to be improperly, wrongfully, negligently and carelessly maintained, supervised and controlled, all of which created a negligent, unsafe, and dangerous condition, and all of which defendants had due notice of, or by reasonable inspection thereof might have had notice.”
Among the duties of a Sheriff is the custody of the jail and the prisoners confined therein. (People ex rel. McEwcm v. Keeler, 29 Hun 175; Correction Law, § 500-c.) By this allegation, the plaintiff accuses the Sheriff himself of negligence. This is not an allegation of negligence on the part of a subordinate or any other person charged with the duty of safekeeping a prisoner. For this reason the question of imputation of negligence by an appointee of the Sheriff does not arise. It is not necessary, therefore, to review the relationship of the Sheriff to his appointees in the discharge of the duties of the office relating to criminal matters. It is this allegation that distinguishes this action from Isereau v. Stone (3 A D 2d 243), recently decided by the Appellate Division of the fourth department. There the court said (p. 245): “It thus appears that if the pleading is found to allege a cause of action against either or both of these defendants it must be based on the acts of omission or commission of the deputy sheriffs. There is no allegation that the Sheriff in his official capacity or as an individual took any part in these happenings or had any notice of them.” (Emphasis supplied.)
On this motion the allegation of negligence on the part of the Sheriff himself must be given credibility. Upon the trial it may appear that the Sheriff in no wise was negligent and that the allegation of negligence on the part of the defendant is wholly without substance. This will be determined upon the trial.
The motion by the County of Erie is granted, without costs. The motion by the defendant Sheriff Robert A. G-lasser, Sheriff of Erie County, is denied, without costs.