■ Rose Commisso, Respondent, v. Allen E. Meeker et al., Appellants.— Judgment and order affirmed, with costs. All concur, except Kimball, J., who concurs and votes for affirmance as to defendants Meeker, Mastrangelo and Zambon, but dissents as to the County of Oneida, and as to said defendant votes to reverse and dismiss the complaint in the following memorandum: As to the county, the judgment should be reversed and the complaint dismissed. Section 5 of article IX of the New York State Constitution reads: "But the county shall never be made responsible for the acts of the sheriff." No act of the Legislature may effect a change in the unambiguous mandate of the Constitution. The language is so plain as to admit of no construction. This court has heretofore passed upon this question. We said in *Isereau* v. *Stone* (3 A D 2d 243, 247): "On the other hand, if the conduit of liability is claimed to be through the Sheriff the constitutional mandate that the county shall never be made responsible for the acts of a sheriff throws a mantle of immunity around the municipality", and Williams, J., who dissents and votes for reversal and granting a new trial as to all defendants in the following memorandum: I dissent solely because of errors in the exclusion of evidence. The question of the extent of plaintiff's injuries resulting from the accident was in sharp dispute. Plaintiff did not testify, but relied heavily on testimony by her brother to establish that her relations with other members of her family had been harmonious before the accident but not afterwards, thereby manifesting a change for the worse in plaintiff's mental condition. On cross-examination the defendants attempted to show that plaintiff's family relations before the accident had not always been harmonious and, in fact, that plaintiff's mother had caused her to be arrested at one time. Such evidence was admissible to challenge the witness' credibility and in proof of a previous mental condition and its exclusion was seriously prejudicial. (*Baird* v. *Daly*, 68 N. Y. 547; 4 Jones, Evidence [5th ed.], §§ 914, 929.) The same is true of police records showing plaintiff's arrest which the trial court refused to receive. Certain parts of plaintiff's hospital records were not allowed into evidence although the records were used by a medical expert in evaluating her mental condition. The jurors could not weigh the expert opinion properly unless they had before them all of the facts upon which the opinion was based (*People* v. *Samuels*, 302 N. Y. 163, 172). These errors require a reversal of the judgment and a new trial. (Appeals by all defendants from a judgment of Oneida Trial Term for plaintiff in an automobile negligence action. The order denied a motion for a new trial.) Present — McCurn, P. J., Kimball, Williams, Goldman and Halpern, JJ.