■ ANNA FOYSTER et al., Respondents, v. JOHN TUTUSKA, as Sheriff of the County of Erie, et al., Appellants, et al., Defendants.— Order of Appellate Term of Erie County Court entered November 30, 1964 and order of Buffalo City Court entered July 22, 1963 unanimously modified by reversing so much thereof as denied motion of defendant, John Tutuska, to dismiss complaint and motion of said defendant granted and, as modified, orders affirmed, without costs to any party. Memorandum: The injuries claimed to have been sustained by plaintiff wife, while serving as a juror in a criminal case, might be found by the triers of the fact to have been caused by defendant Gelia, while serving as a Deputy of the codefendant Tutuska, the Sheriff of Erie County. We have no difficulty in concluding that the Deputy (Gelia) is not immune from suit. (Cf. *Isereau* v. *Stone,* 3 A D 2d 243.) In the same decision we further held that a Sheriff was not liable for the acts of his deputies while discharging criminal duties of the Sheriff. Therein we recognized the diverse views on the subject and quoted (p. 246) with approval the language of a text writer that "'Just what the status of the relationship between officer (sheriff) and his deputy is, in one of conflicts'". (See, also, *Sheridan* v. *Major,* 15 A D 2d 870.) In reaching a contrary conclusion herein the Erie County Court based its decision in part upon the view that the State's waiver of immunity (Court of Claims Act, § 8) made applicable the rule of *respondeat superior* to Sheriffs. (Cf. *McCrossen* v. *State of New York,* 277 App. Div. 1160; see, also, *Domino* v. *Mercurio,* 17 A D 2d 342.) It is recognized that the liability of a Sheriff or county for the negligent acts of a Deputy Sheriff has presented troublesome legal issues. (Cf. *Commisso* v. *Meeker,* 8 N Y 2d 109.) Until our highest

court has ruled on the specific issue before us we are constrained to follow our decisions in *Isereau* v. *Stone* (*supra*) and *Sheridan* v. *Major* (*supra*). (Appeal from order of Erie County Court which affirmed an Order of Buffalo City Court denying a motion to dismiss the complaint.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ. [44 Misc 2d 303.]