Leonard J. Supple, J.
Defendants move on a number of grounds to dismiss the amended complaint.
The papers before the court establish that the plaintiff claims damages for alleged malicious prosecution stemming from his arrest by personnel of the Dutchess 'County Sheriff’s office upon charges which were subsequently dismissed by the Court of Special Sessions.
Section 13 of article XIII of the New York Constitution says in part that ‘ ‘ the county shall never be made responsible for the acts of the sheriff ’ ’ and the highest court of this State has applied this language literally ,so as to defeat a damage claim against a county for acts of a Deputy Sheriff of that county. (Commisso v. Meeker, 8 N Y 2d 109.) It follows that this plaintiff may not succeed against the defendant County of Dutchess.
The papers before the court make clear that the acts complained of were not the personal acts of the defendant Sheriff, but were the acts of persons acting for him or under his control and direction. It has been said that personnel of the Sheriff’s office while engaged upon the performance of police duties are not the agents of the Sheriff and that the relationship of principal and agent does not exist. (Isereau v. Stone, 3 A D 2d 243.) It follows that this plaintiff’s claim against the defendant Sheriff must also fail.
The motion will be granted.