■ ALAN SNOW, an Infant, by ANNA SNOW, His Parent, Appellant, v. DAVID E. HARDER, Defendant, and COUNTY OF BROOME, Respondent. — Appeal from an order of the Supreme Court at Special Term, entered October 26, 1973 in Broome County, which dismissed the complaint against the defendant County of Broome for failure to state a cause of action. The infant plaintiff's action is one for false arrest. He alleges, in substance, that while in a shop in the Town of Conklin he was requested by defendant Harder, a Deputy Sheriff of Broome County, to accompany him to his patrol car; that he was later taken to the Sheriff's office at the County Jail where he was interrogated about alleged criminal activities involving illegal drugs; and that, after being detained for approximately four and a half hours, he was released from custody without being formally charged. The defendant county moved to dismiss the complaint and Special Term granted the motion on the basis of article XIII (§ 13, subd. [a]) of the New York State Constitution which provides, in part, "but the county shall never be made responsible for the acts of the sheriff." The precise issue for our determination is whether this constitutional mandate exempts the county from liability for a false arrest committed by a Deputy Sheriff in the performance of his official duty. Plaintiff contends, among other things, that the immunity afforded the Sheriff by the Constitution should not be extended to a Deputy Sheriff. Acknowledging that while there is some precedent for the extension of such immunity, he argues that recent court decisions have eroded the principle to such an extent that a doubt is raised as to whether it ever did, in fact, exist. With this contention we do not agree. Our courts have repeatedly held that the county is not responsible for the acts of the Sheriff or his deputy. (*Foyster v. Tutuska*, 25 A D 2d 940; *Isereau v. Stone*, 3 A D 2d 243; *Edwards v. County of Onondaga*, 39 Misc 2d 443.) We believe that this conclusion is both logically and practically sound. The Sheriff, with his multitude of duties, can obviously function only with the aid of deputies. To hold that immunity exists only when the Sheriff personally performs an act is contrary to common sense, and, in our view, was not the intent of the immunity provision of the Constitution. The authorities relied upon by the plaintiff (*Commisso v. Meeker*, 8 N Y 2d 109; *Sawyer v. Town of Southport*, 6 A D 2d 553; and *McMahon v. Michaelian*, 38 A D 2d 60, affd. 30 N Y 2d 507), are, in our opinion, readily distinguishable on the facts. Special Term, therefore, properly granted the motion dismissing the complaint

as against the defendant County of Broome. Order affirmed, without costs. Herlihy, P. J., Cooke, Sweeney, Kane and Main, JJ., concur.