Jere BISHOP et al., Plaintiffs-
Appellants,

v.

Kent R. STONEMAN, Commissioner of
Corrections of the State of Vermont,
and Julius V. Moeykens, Warden, Ver-
mont State Prison, Defendants-Appel-
lees.

No. 137, Docket 74–1326.

United States Court of Appeals,
Second Circuit.

Argued Nov. 13, 1974.

Decided Dec. 4, 1974.

William M. Dorsch, Springfield, Vt.
(Vermont Legal Aid, Inc., Springfield,
Vt., on the brief), for plaintiffs-appel-
lants.

Alan W. Cook, Asst. Atty. Gen., De-
partment of Corrections, Montpelier, Vt.
(Charles A. Bristow, Asst. Atty. Gen.,
Dept. of Corrections, Montpelier, Vt., on
the brief), for defendants-appellees.

Before, FRIENDLY, FEINBERG and
GURFEIN, Circuit Judges.

PER CURIAM:

. Plaintiffs, prisoners at the Vermont
State Prison, brought a class action
against the State Commissioner of Cor-
rections and the Warden of the Prison
charging that medical facilities and
medical care at the prison are grossly
inadequate to meet the continuing needs
of the inmates and that the defendants
are deliberately indifferent to requests
for essential medical treatment. They
allege that this constitutes cruel and
unusual punishment denying the pris-
oners their constitutional rights under
42 U.S.C. § 1983. The plaintiffs do not
seek individual damages for inadequate
treatment in the past nor do they seek
individual injunctive relief. They ask
for an injunction ordering the defend-
ants to provide adequate medical treat-
ment to their class and to institute a pro-
gram to improve medical facilities.

The District Court, Coffrin, J., grant-
ed defendants' motion to dismiss under
F.R.C.P. 12(b)(6), first testing each

"typical incident" alleged "to determine whether, standing alone, it would support a claim under 42 U.S.C. § 1983 that the prisoner involved had been subjected to cruel and unusual punishment." While recognizing that factual allegations indicating that the defendants are deliberately indifferent to plaintiffs' requests for medical treatment are sufficient to support a Section 1983 claim, the court decided that it could not find from the specific incidents enumerated in the complaint that there has been a deliberate indifference to the prisoners' medical needs. We disagree and remand for a trial on the merits.

Six "typical incidents" were alleged: [1] (1) Plaintiff Bishop asked to see the prison's only doctor, who apparently is there only part-time, about a back problem; he waited six months before he was given an appointment; x-rays were taken but he was not told the results; he was given no treatment. (2) Plaintiff Kasper lost 30 lbs. in three weeks, during which time he sought unsuccessfully to see the doctor; when he saw the doctor, he was not given a physical examination, but was told to take vitamins; three weeks later his attorney requested that a blood test be given; the blood test indicated "massive liver damage" and eventually his condition was diagnosed as cirrhosis of the liver; he received no treatment. (3) Plaintiff Mayer waited ten days to see the doctor about an injured shoulder. (4) Plaintiff Blow waited one week to see the doctor about getting a new orthopedic shoe; he was given a new shoe that gave him considerable pain; he was not allowed to see the doctor about it, but eventually was x-rayed; no results were provided to him. (5) Plaintiff Gregory had a temperature and was vomiting blood, yet waited three days to see the doctor; eventually admitted to prison hospital, he was treated but saw the doctor infrequently. (6) Plaintiff Provost could not eat and was vomiting; he was treated by a dispensary attendant; after about a week, he saw the doctor who prescribed vitamins; five days later he started turning yellow and was quarantined; he stayed in the prison hospital for a few weeks, seeing the doctor twice; after release, he was given a special diet.

A seventh prisoner, DiLaura, sought to intervene, alleging that prison officials neglected to treat him when he had an attack of malaria, which he had originally contracted in Vietnam. The supporting affidavit of his attorney, whose efforts eventually secured him medical care indicates that he did indeed have such an attack and that prison officials disbelieved him and would not have taken him seriously if his attorney had not interceded. The District Court denied his motion to intervene at the same time it dismissed the main action, but with leave to file a separate action on his own behalf.

Finally, plaintiffs presented to the court the affidavit of an eighth prisoner, Ellison, who had severe stomach pains and was denied access to a doctor. After a week, he was taken to a hospital, where he was operated on (just in time, according to the surgeon) for a gangrenous appendix. The District Court did not consider this affidavit, stating that it was not before the court on a motion to dismiss.

■ To secure a dismissal under 12 (b)(6), a defendant must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

■ Taking the factual allegations as true, we think that they state a claim for relief under Section 1983. As Judge Coffrin recognized, deliberate indifference to the medical needs of a prisoner can amount to a Section 1983 violation. Martinez v. Mancusi, 443 F.2d 921 (2 Cir. 1970); Corby v. Conboy,

---

[1.] The suit was originally brought by six prisoners; three have since been released and were held to have no standing to sue. The District Court nevertheless considered the allegations of all six in deciding the motion.

457 F.2d 251, 254 (2 Cir. 1972), and cf. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A series of incidents closely related in time, within several months as these are, may disclose a pattern of conduct amounting to deliberate indifference to the medical needs of prisoners. We hold the cumulation of incidents alleged in the complaint entitled plaintiffs to a trial of the underlying allegation of deliberate indifference to their medical needs.

■ We venture no opinion on the validity of the allegations, of course, but if sufficient indifference on the part of the prison officials can be proved by the plaintiffs, or if it can be shown that the medical facilities were so wholly inadequate for the prison population's needs that suffering would be inevitable, they can make out a case under Section 1983. Since only injunctive relief is asked, class action treatment may well be appropriate.

The order dismissing the complaint is reversed and the case is remanded to the district court for further proceedings not inconsistent with this opinion.