■ MARION PERRY, an Infant, by His Mother, ALONZETTA PERRY, et al., Appellants, v DALE CUSTODI et al., Defendants, and COUNTY OF ERIE, Respondent.—Judgment unanimously affirmed, with costs. Memorandum: Appellants seek to recover damages for the alleged tortious conduct of defendant Custodi while in the performance of his duties as an Erie County Deputy Sheriff. A motion by defendant County of Erie to dismiss the complaint, based on article XIII (§ 13, subd [a]) of the New York Constitution, was granted. It is appellant's contention that the enactment of Local Law No. 2 (1969) by the Erie County Legislature altered the constitutional immunity of the county for tortious acts of Deputy Sheriffs committed in the pursuit of their duties as a criminal deputy. We disagree. The constitutional immunity of article 13 (§ 13, subd [a]) of the New York Constitution was adopted in 1821 and has been retained despite several efforts at succeeding constitutional conventions to repeal it. Since the immunity is of a constitutional dimension it cannot be altered by a local law, such as here. It should also be noted that the local law makes certain Sheriff's employees subject to the Civil Service Law. It proposes nothing else. Our courts have consistently held that a county is immune from liability for the acts of the Sheriff and his deputies committed in the course of their official duties *(Snow v Harder,*

43 AD2d 1003; *Foyster v Tutuska,* 25 AD2d 940; *Isereau v Stone,* 3 AD2d 243; *Paolucci v County of Dutchess,* 67 Misc 2d 479; *Schnitzer v County of Erie,* 8 Misc 2d 989). (Appeal from judgment of Erie Supreme Court—summary judgment.) Present—Moule, J. P., Simons, Mahoney, Dillon and Witmer, JJ.