OPINION OF THE COURT
Harold J. Hughes, J.
Defendants County of Albany and John J. McNulty, Sheriff of Albany County, have moved to dismiss the complaints upon *237 the ground that they fail to state a cause of action and for summary judgment dismissing the complaints against them.
In the summer of 1974 the plaintiffs in this consolidated action were attending a private party at a residence in the Town of Rensselaerville. At about 11:00 p.m. on August 14, 1977 several deputies of the Albany County Sheriff and some members of the State Police converged upon the house, searched the premises, and arrested most of the approximately 50 people attending the party, including the plaintiffs, for criminal possession of marihuana in the fifth degree, a felony. The arrested persons were transported to a police substation in Voorheesville where they were booked and fingerprinted. Upon arraignment before a Town Justice, who had issued a search warrant, all charges against the plaintiffs were dismissed either upon the motion of the District Attorney or upon the court’s own motion. Thereafter, plaintiffs instituted the present action to recover damages for their alleged unlawful arrest.
The County of Albany has moved to dismiss the complaints as to it upon the ground that it is immune from liability under article XIII (§ 13, subd [a]) of the New York State Constitution. Insofar as pertinent here, that provision of the Constitution provides that a county shall never be made responsible for the acts of the sheriff. Although the language of the constitutional provisions states that immunity applies when liability is asserted against the county based on the sheriff’s acts, there is a long line of cases which have held that the constitutional immunity also exists when liability is asserted based on the acts of a deputy sheriff (see Commisso v Meeker, 8 NY2d 109, 121; Perry v Custodi, 52 AD2d 1063; Snow v Harder, 43 AD2d 1003; Isereau v Stone, 3 AD2d 243; Paolucci v County of Dutchess, 67 Misc 2d 479).
Plaintiffs argue, however, that the above cases are not dispositive because of the enactment by the Albany County Legislature of Local Law No. 3-1973, which provides as follows:
"Section 1. Any act or omission of any employee of the county in the office of the sheriff, done or made in the performance of an official duty or for the performance of which the county is paid or receives compensation or a fee, shall be the act or omission of the county and the damages, if any, resulting therefrom shall be deemed the liability of the county.
*238 "§ 2. Nothing contained in this section shall be deemed to render the county responsible or liable for the acts of the sheriff thereof where such responsibility or liability did not exist prior to the enactment hereof, nor relieve said sheriff from any liabilty to which he is lawfully subject.
"§ 3. Nothing contained herein shall be deemed or construed to increase or alter the county’s liability beyond what is otherwise imposed upon the sheriff, his deputies or employees.
"§ 4. This act shall take effect immediately.”
This provision is identical to one which is contained in the Westchester County Administrative Code and which has been construed in McMahon v Michaelian (38 AD2d 60, affd 30 NY2d 507). In that case the sheriff had instituted an action challenging the constitutionality of a local law placing all deputy sheriffs into the classified civil service. In support of his position, the sheriff argued that, since article XIII (§ 13, subd [a]) of the State Constitution made the county immune from liability for the acts of the sheriff, he alone was liable for the acts of his deputies and, therefore, should have exclusive authority to appoint personnel in this office. The Court of Appeals, which adopted the opinion of the Appellate Division, held that the local law was valid. Although the issues in McMahon (supra) were obviously different from the issue in the case at bar, the court’s analysis is, in this court’s view, applicable in the present case: "Section 345 of the code strictly complies with section 13 of article XIII of the Constitution. Its first paragraph imposes liability upon the county for acts of the Sheriff’s appointees committed in the discharge of their official duties and its second paragraph merely restates the constitutional direction that the county not be made responsible for the acts of the Sheriff. The assumption by Westchester County of liability for the acts of the employees of the Sheriff is not prohibited by the Constitution, which merely mandates that a county 'shall never be made responsible for the acts of the sheriff/ for under the provisions of the code he still continues to be responsible for his acts.” (McMahon v Michaelian, 38 AD2d 60, 64, supra; emphasis supplied.)
This court, then, construes McMahon as upholding the validity of a local law, such as the one passed by the Albany County Legislature, which makes the county liable for the acts of the employees of the sheriff, including the sheriff’s deputies.
Two cases decided subsequent to McMahon and relied upon *239 by the county do not require a different result. In Snow v Harder (43 AD2d 1003, supra) the court held that the County of Broome was immune from liability for the acts of its deputy sheriffs under article XIII (§ 13, subd [a]) and distinguished McMahon v Michaelian (supra). There is no indication in Snow that there was in existence in Broome County a local law similar to the one construed by the Court of Appeals in McMahon and to the one which presently exists in Albany County. Thus, Snow v Harder (43 AD2d 1003, supra) is distinguishable from the case at bar.
In the other case relied upon by the county (Perry v Custodi, 52 AD2d 1063, supra), although a local law was involved in that case, it appears from the decision that the law simply made certain sheriff’s employees subject to the Civil Service Law. "It proposes nothing else”, said the court. Thus, Perry v Custodi (supra) is also distinguishable from the instant case because here the local law specifically makes the county liable in damages for the acts or omissions of the sheriffs employees.
With respect to the motion of the sheriff to dismiss the complaints as to him, the court observes, as indeed counsel for some of the plaintiffs concedes, that a sheriff may not be held personally liable for acts or omissions of his deputies while they are discharging criminal duties (see, e.g., Foyster v Tutuska, 25 AD2d 940; Isereau v Stone, 3 AD2d 243, 246, supra). While this principle precludes vicarious liability for the torts of a deputy, it does not exonerate the sheriff from liability for his own acts or omissions (see Schnitzer v County of Erie, 8 Misc 2d 989).
In the present case the sheriff is charged with negligent conduct which resulted in the incident in question. Under this broad allegation, the plaintiffs will have the opportunity to establish, as they now assert, that the sheriff was guilty of negligence in the appointment, training and supervision of his deputies. The complaints, therefore, state a cause of action. Moreover, there is testimony in the examinations before trial which presents factual issues as to whether the sheriff was guilty of negligence in appointing, training or supervising the deputies who were directly responsible for the alleged unlawful arrests.
For the foregoing reasons, the motions of the defendants County of Albany and the Sheriff of Albany County shall be denied, without costs. Defendants do not argue, nor has this *240 court considered, whether the existence of a search warrant would immunize these defendants from liability.