■ GERILYN BARR et al., Respondents, v COUNTY OF ALBANY et al., Appellants, et al., Defendants.—Appeal from an order of the Supreme Court at Special Term, entered May 8, 1978 in Albany County, which denied the motion of defendants, County of Albany and Sheriff of Albany County, to dismiss plaintiffs' complaint, or for an order granting summary judgment. On August 14, 1977, plaintiffs were attending a private party at premises known as the "Ordway House" in the Town of Rensselaerville, Albany County. At about 11:00 P.M., several deputies of the Albany County Sheriff's office, acting in conjunction with the New York State Police, participated in a "drug raid" at the premises pursuant to a search warrant. The search warrant was obtained from Town Justice Kellam upon information supplied by an identified informant that certain quantities of controlled substances were located within the house on the premises. The record indicates that the Deputy Sheriffs arrived in several vehicles, converged on the premises, and all enter on a prearranged signal, and conducted a search of the premises. Almost everyone in attendance was arrested and charged with criminal possession of marihuana in the fifth degree, a felony. Upon arraignment before the Town Justice, who had issued the search warrant, all charges against the plaintiffs were dismissed either upon the motion of the District Attorney, or upon the court's own motion. Thereafter, plaintiffs instituted the present action to recover damages for unlawful arrest and false imprisonment against the County of Albany, the Sheriff of Albany County, and the Deputy Sheriffs who participated in the raid and the arrests. Defendants, County of Albany and the Sheriff of Albany County, moved to dismiss the complaint against them on the ground that the complaint failed to state a cause of action, and for summary judgment on the merits as a matter of law which Special Term denied. Defendants contend that the New York State Constitution provides that a county shall never be liable for the acts of a Sheriff, that a Sheriff is not liable for the acts of a Deputy Sheriff acting in the performance of his duty, and that negligence is not an element of a cause of action for false arrest and

imprisonment. The New York State Constitution provides that "the county shall never be made responsible for the acts of the sheriff" (NY Const, art XIII, § 13, subd [a]). It has been held that the compelling mandate of the constitutional provision is crystal clear, stating in the plainest language that the county shall never be made responsible for the acts of the Sheriff *(Commisso v Meeker,* 8 NY2d 109). The courts have also extended the immunity from liability of the county to acts committed by Deputy Sheriffs in the course of their official duties *(Perry v Custodi,* 52 AD2d 1063). Special Term held that Local Law No. 3 for the year 1973, of the County of Albany, makes the county liable for the acts of Deputy Sheriffs. Section 1 of that law provides that "Any act or omission of any employee of the county in the office of the sheriff, done or made in the performance of an official duty * * * shall be the act or omission of the county" and the county shall be liable in damages. In the case of *Perry v Custodi (supra),* the plaintiff contended that a local law of the Erie County Legislature altered the constitutional immunity of the county for the tortious acts of Deputy Sheriffs committed in the pursuit of their duties as a criminal deputy. The court held that "since the immunity is of a constitutional dimension it cannot be altered by a local law". The constitutional provision was intended to insulate counties from money damage suits based on either the civil or criminal misconduct of the Sheriff or his deputies. Accordingly, under the circumstances here, the conclusion is inescapable that the New York State Constitution prohibits the county from assuming liability for the acts of the Sheriff or his deputies. The motion of the County of Albany for summary judgment should have been granted. Plaintiffs also allege liability on the part of the Sheriff of Albany County for his grossly negligent conduct resulting in the alleged false arrest and false imprisonment of plaintiffs, and for his breach of duty to properly supervise, select and train his deputies. Plaintiffs acknowledge that a Sheriff is not personally liable for acts or omissions of his deputies while performing criminal functions which preclude vicarious liability for the torts of a deputy. They do contend, however, that the Sheriff is not exonerated from liability for his own acts or omissions. The allegations of negligence in the complaints appear to be based on the assumption that plaintiffs were falsely arrested and imprisoned and, by that very fact, the Sheriff was guilty of negligence. The gist of the action for false imprisonment is unlawful detention, and the gravamen of the offense is the unlawful act of the arresting officer. Negligence is not an element of false arrest, since the act itself, if not justified, is tortious irrespective of negligence (22 NY Jur, False Imprisonment, § 3). The complaints contain no specific facts in support of the alleged negligence of the Sheriff, and it is undisputed that the Sheriff neither ordered the raid resulting in the arrests, nor participated in the raid. In *Isereau v Stone* (3 AD2d 243, 245), the court dismissed the complaint against a Sheriff on the ground that the Sheriff may not be held personally liable for the alleged acts of negligence of his deputies, stating "It thus appears that if the pleading is found to allege a cause of action against either or both of these defendants it must be based on the acts of omission or commission of the deputy sheriffs. There is no allegation that the Sheriff in his official capacity or as an individual took any part in these happenings or had any notice of them". An action for negligence involves three essential elements: first, the existence of a duty owing by the defendant to the plaintiff; second, defendant's failure to discharge that duty; third, injury to plaintiff proximately resulting from such failure (41 NY Jur, Negligence, § 7; *Peresluha v City of New York,* 60 AD2d 226). No general duty to properly select, train and supervise deputies

is owed by a Sheriff to the public at large. A breach of that duty would not be a proximate cause of damages. Order reversed, on the law, without costs, motion granted and complaints dismissed. Mahoney, P. J., Greenblott, Staley, Jr., Mikoll and Herlihy, JJ., concur. [94 Misc 2d 236.]