Stephen J. Wing, Esq. County Attorney Dutchess County
Your office has asked us what documents are included under the words "any other mandate" in section 8011 (c) (3) of the Civil Practice Law and Rules. This paragraph provides that the sheriff's fee is $15.00 for serving or executing "any other mandate for the service or execution of which no other fee is specifically provided by law".
The history of the office of sheriff is an ancient one, and his duties are still those prescribed at common law, except where modified by statute, 70 Am Jur 2d, Sheriffs, Police and Constables, § 21. These duties included the obligation to execute "all process to him directed" and to carry out all mandates, orders and directions of the courts, 1 Anderson on Sheriffs, Coroners and Constables, § 6. One of the Sheriff's first and most important duties was the execution of process, which was divided into three types, Anderson, supra, § 103: "original process" which inaugurates an action or proceeding; "mesne" or "intermediate process" which embraces all writs and orders of the court necessary for carrying on the suit after it has begun; and "final process," writs to satisfy a judgment or award.
While section 650 of the County Law states that "[t]he sheriff shall perform the duties prescribed by law as an officer of the court and conservator of the peace . . .," case law makes it clear that in addition to the statutory powers and duties the sheriff now has, he still maintains those duties fixed by common law and not abrogated by statute,Isereau v Stone, 207 Misc. 941, affd in part, revd in part on other grounds, 3 A.D.2d 243 (4th Dept, 1957). Indeed, the consolidated laws make no mention of duties with regard to process, and common law must control.
With respect to fees for these services, at English common law the absence of statute gave sheriffs complete freedom to fix the amount of their fees. Serious abuses developed, and in 1596 Parliament passed an act to limit the collection of fees by sheriffs. Ever since the English enactment, the right of a sheriff to fees has been viewed as dependent on the existence of a statute, Stojowski v Banque de France, 294 N.Y. 135
(1945), Weinstein-Korn-Miller, N Y Civ Prac, § 8011.02. Nevertheless, the statutory fees and the common law duties should be reconcilable in a manner which does not leave the sheriff with duties for which he may not claim a fee. This is especially true since today the sheriff's entire compensation is by salary, and the fees belong to the county for which he acts. Weinstein-Korn-Miller, supra, § 8011.04. To have the sheriff perform services for private attorneys without compensation might constitute a gift of public funds prohibited by law.
The question is thus whether the phrase "any other mandates" can be construed to encompass the common law duties that the sheriff is still obligated to perform, but for which no other specific fee is provided. Since the fee statutes do specifically cover initial process, final process and provisional remedies, the grey area of unspecified duties without fees seems to lie in the area of what the common law defined as mesne process.
At common law, the distinction between mandates (of the court) and process (by attorneys) was more clearly defined. Today, with codification of many of the sheriff's statutory duties throughout the consolidated laws, this distinction has been blurred. The meaning of the word "mandate" must be read in the context of the language of the statute. The heading of subdivision (c) of CPLR, § 8011 is entitled "summons, subpoenas and other mandates" (emphasis added). A summons under common law would be considered initial process, and a subpoena, intermediate process. It is therefore not reasonable to construe the term "mandate" as limited to a "final" court order or decree. On the other hand, "mandate" has some meaning which should not be construed as any paper that one party desires to serve on another. Rather, it should be construed within the limits of the sheriff's common law duties to serve process, particularly mesne process, i.e., writs and orders necessary for carrying on the suit after it has begun. This would exclude papers which need not be personally served but would include legal papers which one party is required to serve upon another, by statute, rule, order or decree of court, in order to prosecute the action or proceeding. Thus, "other mandates" would exclude the service of interlocutory and other papers, where service upon parties or others is discretionary or may be accomplished by mail, such as Notice of Settlement, Order with Notice of Entry, etc.
We conclude that section 8011 (c) (3) authorizes a fee of $15.00 for the service of papers for which no fee is otherwise specified in section 8011 but only if the papers must be served personally.