■ YUSEF FLYNN, Appellant, v CITY OF NEW YORK et al., Respondents. [942 NYS2d 338]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered July 14, 2011, which granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny the motion as to the common-law negligence causes of action as against all defendants and as to the cause of action under 42 USC § 1983 as against defendant Corrections Officer Stephen Barr, and otherwise affirmed, without costs.

Defendants failed to establish prima facie, through plaintiff's testimony and that of defendant Barr, that they did not breach their duty of care to plaintiff after he was attacked by other inmates (*see Sanchez v State of New York,* 99 NY2d 247, 252-253 [2002]). Plaintiff testified that Barr encouraged the attack and stopped it only after plaintiff had been seriously injured.

Barr testified that he did not remember the incident, and he did not recall it even when shown the incident report he had filed. Thus, defendants failed to controvert plaintiff's version of the incident. The motion court erred in disregarding plaintiff's testimony as self-serving or lacking credibility; credibility determinations are for the trier of fact (*Martin v Citibank, N.A.*, 64 AD3d 477, 478 [2009]).

As to his 42 USC § 1983 claim, plaintiff's testimony that Barr encouraged the attack and intentionally waited for it to run its course before intervening shows the "callous indifference" required for a claim against the individual defendant (*see Corley v New York City Dept. of Correctional Facility*, 1984 US Dist LEXIS 20321, \*2-3 [SD NY 1984]). However, plaintiff failed to raise an issue of fact whether the City deprived him of any civil right, because the record indicates only the isolated attack, not the requisite "reign of terror of inmate violence" (*see Stevens v Dutchess County*, 445 F Supp 89, 93 [SD NY 1977] [internal quotation marks omitted]). Concur—Saxe, J.P., Sweeny, Moskowitz, Renwick and Abdus-Salaam, JJ.